## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW MEXICO

**DANNY JOE MURRAY**,

      Plaintiff,

v.                                                **NO. CIV 12-689 JB/WDS**

**JOY JUNCTION**,

      Defendant.

## MAGISTRATE JUDGE'S ANALYSIS
## AND RECOMMENDED DISPOSITION[1]

**THIS MATTER** comes before me on an Order of Reference issued pursuant to 28 U.S.C. §§ 636(b)(1)(B), (b)(3), and *Virginia Beach Fed. Sav. & Loan Ass'n v. Wood*, 901 F.2d 849 (10th Cir. 1990), and directing me to "perform any legal analysis required to recommend to the Court an ultimate disposition" of any motions filed in this case. *See* Doc. 4. Before the Court is pro se plaintiff Danny Joe Murray's Application to Proceed in District Court Without Prepayment of Costs and Fees, filed June 25, 2012, *see* Doc. 3 (hereinafter called "motion to proceed IFP"), and his Complaint against Joy Junction, *see* Doc. 1. Murray is currently incarcerated and has no income. *See* Doc. 3 at 1-3. Before ruling on the motion to proceed IFP, the Court must "review the affidavit and screen [Murray's] case under 28 U.S.C. §§ 1915(a) and (e)." *Lister v. Dep't of Treasury*, 408 F.3d 1309, 1311 (10th Cir. 2005). Because Murray fails to state sufficient facts to invoke the Court's subject-matter jurisdiction under 42 U.S.C. § 1983, I recommend that the Court deny his motion to proceed IFP and dismiss his Complaint without prejudice.

---

[1] Within fourteen (14) days after a party is served with a copy of this analysis and recommended disposition, that party may, pursuant to 28 U.S.C. § 636(b)(1), file written objections to such analysis and recommendation. A party must file any objections within the fourteen-day period allowed if that party wants to have appellate review of the analysis and recommendation. If no objections are filed, no appellate review will be allowed.

I.      **Applicable legal standards.**

Screening the case under § 1915(e) includes determining whether "the allegation of poverty is untrue" as well as determining whether the action "is frivolous or malicious, . . . fails to state a claim on which relief may be granted; or [] seeks monetary relief against a defendant who is immune from such relief." § 1915(e). "[I]n order to succeed on a motion to proceed IFP, the movant must show a financial inability to pay the required filing fees, as well as the existence of a reasoned, nonfrivolous argument on the law and facts in support of the issues raised in the action." *Lister*, 408 F.3d at 1312. A party wishing to proceed IFP must demonstrate that he "cannot because of his poverty pay or give security for the costs . . . and still be able to provide himself . . . with the necessities of life." *Adkins v. E.I. DuPont de Nemours & Co.*, 335 U.S. 331, 339 (1948). But even if a plaintiff is indigent, if a complaint that a plaintiff seeks to file without prepaying filing fees fails to invoke the Court's subject-matter jurisdiction or fails to state a claim on which relief may be granted, the case must be dismissed. *See* § 1915(e)(2)(B)(ii); *Trujillo v. Williams*, 465 F.3d 1210, 1217 n. 5 (10th Cir. 2006) (noting that dismissal is now mandatory). In reviewing the Complaint, I "will not supply additional facts, [or] construct a legal theory for [a] plaintiff that assumes facts that have not been pleaded." *Dunn v. White*, 880 F.2d 1188, 1197 (10th Cir. 1989).

"Federal courts are courts of limited jurisdiction, and the presumption is that they lack jurisdiction unless and until a plaintiff pleads sufficient facts to establish it." *Celli v. Shoell*, 40 F.3d 324, 327 (10th Cir. 1994). "[T]he party pleading jurisdiction must allege in his pleading the facts essential to show jurisdiction." *Id.* (internal quotation marks omitted). "If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." FED. R. CIV. P. 12(h)(3).

II.     **Murray has failed to invoke the Court's subject-matter jurisdiction**.

2

Murray is suing Joy Junction under § 1983.  The Court takes judicial notice that Joy Junction is a private, 501(c)(3)[2] nonprofit, faith-based church ministry that provides temporary shelter for the homeless, and that it does not receive any government funding.  *See* www.joyjunction.org.  Murray complains of two acts allegedly committed by Anita McCallugen, the "resident supervisory manager" of Joy Junction.  Compl. at 2.  First, he alleges that he was "not given a fair background check for employment and then I had to agree to give sexual favors for employment" and then he was "not employed after giving sexual favors for employment" to McCallugen.  *Id.* at 2-3.  He further alleges that, when McCallugen asked Murray to leave his pregnant girlfriend, Chelsea Barrett, and he refused, she allegedly had his girlfriend "thrown out of a womens family shelter and rehab falsly [sic]" and also "kick [sic] me out."  *Id.* at 2-3.  Murray also alleges that he "traded sexual favors for employment and housing for at least two years but then she wanted me to leave girlfriend (prego at that) and I wouldn't so they found a way to get ride [sic] of me falsly [sic]."  Compl. at 4.

Although he does not list individual defendants in the style of the case, in the body of the Complaint Murray names McCallugen as a defendant, as well as "Dr. Renads," whom he characterizes as the "owner" of the shelter.  *Id.* at 2.  The only allegations against "Dr. Renads" are that he "made it okay as well after I gave them evidence of the acts taking place."  *Id.*  Murray states that he filed a complaint with the EEOC, but it was dismissed and he was given a right to sue letter.

---

[2]  26 U.S.C. § 501(c)(3) exempts from federal taxation "any community chest, fund, or foundation, organized and operated exclusively for religious, charitable, scientific, testing for public safety, literary, or educational purposes, . . .  no part of the net earnings of which inures to the benefit of any private shareholder or individual, no substantial part of the activities of which is carrying on propaganda, or otherwise attempting, to influence legislation (except as otherwise provided in subsection (h)), and which does not participate in, or intervene in (including the publishing or distributing of statements), any political campaign on behalf of (or in opposition to) any candidate for public office."

*See id.* at 4.  He also states that "Joy Junction [sic] coopirate [sic] office payed [sic] me $250.00 for what they thought was all" of the "textes [sic] and emails providing prove [sic] of relations," but Murray had given them "only hafe [sic]" of them.  *Id.* at 3.

Even though it appears that Murray does not have the funds to pay for filing fees, the Court should deny permission to proceed.  Murray used a form complaint for actions brought under 42 U.S.C. § 1983 in filing his action.  *See* Doc. 1.  He invokes jurisdiction only under 28 U.S.C. § 1343(3) and § 1983.  *See id.* at 2, ¶ 4.

To invoke the Court's subject-matter jurisdiction under § 1343(3) and § 1983, a plaintiff must allege facts showing that "some person has deprived him of a federally protected right;" and "that the person who has deprived him of that right acted under color of state or territorial law." *Gomez v. Toledo*, 446 U.S. 635, 640 (1980).

> [A] plaintiff's failure to properly allege a "state action" in a § 1983 complaint strips the district court of subject matter jurisdiction [] if jurisdiction is alleged under 28 U.S.C. § 1343(3).  *See Elliott v. Chrysler Fin.*, 149 Fed. Appx. 766, 768-69 (10th Cir.2005); *see also Monks v. Hetherington*, 573 F.2d 1164, 1167 (10th Cir. 1978) ("There is no demonstration of state action and, therefore, no basis for civil rights jurisdiction [pursuant to 28 U.S.C. § 1343(3)] in the case at bar.").

*Mehdipour v. Matthews*, No. 10-6073, 386 Fed. App'x 775, 778 n.3, 2010 WL 2748802, *3 n.3 (10th Cir. July 13, 2010) (unpublished).

Murray has not, however, alleged any facts demonstrating that Joy Junction is a state actor or that a state actor or a person acting under color of state law did anything to violate his constitutional rights.  He has, therefore, failed to invoke this Court's subject-matter jurisdiction under § 1343(3) and § 1983, and his Complaint must be dismissed because the Court "lacks subject-matter jurisdiction." FED. R. CIV. P.  12(h)(3); *see Basso v. Utah Power & Light Co.*, 495 F.2d 906, 909 (10th Cir. 1974) ("A court lacking jurisdiction cannot render judgment but must dismiss the

cause at any stage of the proceedings in which it becomes apparent that jurisdiction is lacking. . . . If the parties do not raise the question of lack of jurisdiction, it is the duty of the federal court to determine the matter *sua sponte*.  Therefore, lack of jurisdiction cannot be waived and jurisdiction cannot be conferred upon a federal court by consent, inaction or stipulation.") (internal citations omitted); *see also Barnett v. Hargett*, 174 F.3d 1128, 1133 (10th Cir. 1999) ("a district court should not assume the role of advocate for the pro se litigant, and may not rewrite a petition to include claims that were never presented") (citation and internal quotation marks omitted); *Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1163 (10th Cir. 2007) (noting that "a district court may, without abusing its discretion, enter [] an order [dismissing a complaint without prejudice] without attention to any particular procedures").

I do not interpret Murray's Complaint as one in which he *may* be attempting to assert a claim under Title VII of the Civil Rights Act of 1964 against Joy Junction for discrimination in employment based upon sex not only because I should not supply facts or legal theories that he has not presented, *see Dunn*, 880 F.2d at 1197, but also because it is far from clear that Joy Junction, a non-profit charitable religious organization, is included in the definition of "employer" under 28 U.S.C. § 2000e(b)[3] or § 2000e-1(a)[4].  If, despite these statutes, Murray believes he has a viable federal cause of action and desires to file a new Complaint in federal court, the Complaint must

---

[3]  Under 28 U.S.C. § 2000e(b), "[t]he term "employer" means a person engaged in an industry affecting commerce who has fifteen or more employees for each working day in each of twenty or more calendar weeks in the current or preceding calendar year, and any agent of such a person, but such term does not include . . . a bona fide private membership club (other than a labor organization) which is exempt from taxation under section 501(c) of Title 26."

[4]  Under 28 U.S.C. § 2000e-1(a) Title VII is not applicable to "a religious corporation, association, educational institution, or society with respect to the employment of individuals of a particular religion to perform work connected with the carrying on by such corporation, association, educational institution, or society of its activities".

allege facts explaining "what each defendant did to him or her; when the defendant did it; how the defendant's action harmed him or her; and, what specific [federal] legal right the plaintiff believes the defendant violated." *Nasious*, 492 F.3d at 1163; *see Phillips v. Pub. Serv. Co. of N.M.*, No. 02-2197, 58 Fed. App'x 407, *409, 2003 WL 191461, **2 (10th Cir. Jan. 29, 2003) (per curiam) (noting that, "[b]ecause [the complaint] was dismissed without prejudice, no real disadvantage has come to [the plaintiff] as a result of the *sua sponte* dismissal and his due process rights and right of access to the courts are not implicated.  Should he have a good faith basis to do so, [the plaintiff] is free to file another complaint.") (citation omitted).  I remind Murray, who is not a lawyer, that if he does seek to file an amended complaint, he cannot request relief for any alleged harm done to his girlfriend.  *See* 28 U.S.C. § 1654 ("Parties may plead and conduct their own cases personally."); *Fymbo v. State Farm Fire & Cas. Co.*, 213 F.3d 1320, 1321 (10th Cir. 2000) ("A litigant may bring his own claims to federal court without counsel, but not the claims of others."); *United States v. Grismore*, 546 F.2d 844, 847 (10th Cir. 1976) (noting that "[t]he constitution does not provide the right of representation by a lay person").

I recommend that the Court deny Murray's motion to proceed IFP [Doc. 3], and dismiss the Complaint without prejudice for lack of subject-matter jurisdiction.  *See Brereton v. Bountiful City Corp.*, 434 F.3d 1213, 1216-18 (10th Cir. 2006) (noting that "[a] longstanding line of cases from this circuit holds that where the district court dismisses an action for lack of jurisdiction, as it did here, the dismissal must be without prejudice").

_____
UNITED STATES MAGISTRATE JUDGE